**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| Honeywell International Inc., | Case No. |
| Plaintiff, | |
| v. | |
| BRK Brands, Inc., | |
| Defendant. | |

## COMPLAINT

Plaintiff Honeywell International Inc. ("Honeywell"), brings this action to seek redress and to prevent future injuries resulting from Defendant BRK Brands, Inc.'s ("BRK") knowing and willful infringement of Honeywell's exclusive trademark rights in the **First Alert Professional** trademark on and in connection with certain products. In support of its claims, Honeywell states and alleges as follows:

### PARTIES

1.      Honeywell is a Delaware corporation with its principal place of business in Morris Plains, New Jersey. Honeywell nationally markets and sells, among other things, residential and commercial security, fire detection, alarm, closed-circuit television, and building-automation systems under various brand names, including **First Alert Professional**.

2.      BRK is a Delaware corporation with its principal place of business in Aurora, Illinois. BRK nationally markets and sells, among other things, residential and commercial security, fire detection, alarm, closed-circuit television, and building-automation systems under various brand names, including **First Alert**.

## JURISDICTION AND VENUE

3.      This is a civil action for claims arising under the trademark laws of the United States, 15 U.S.C. §§ 1051, *et seq*. ("Lanham Act"), and related claims arising under contract and the law of the State of Illinois.

4.      This Court has subject-matter jurisdiction under the following statutes:

a.   15 U.S.C. § 1121 ("The district and territorial courts of the United States shall have original jurisdiction…of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties.");

b.   28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.");

c.   28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to…trademarks.");

d.   28 U.S.C. § 1338(b) ("The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the…trademark laws."); and

e.   28 U.S.C. § 1367 ("…in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

5.      BRK has its principal place of business in this District. A substantial part of the events or omissions giving rise to the claims occurred in this District. The Court has personal jurisdiction over BRK, and venue is proper under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### Background

6.      First Alert Trust is the owner, registrant, and licensor of numerous valid and enforceable federal trademarks, including:

    a. **FIRST ALERT**, US Reg. No. 1,584,470, covering "electronic home security and fire safety products, including automatic lighting and timing controls, switches and sensors, fire extinguishers, and smoke detectors sold individually;"

    b. **FIRST ALERT**, US Reg. No. 1,073,510, covering, "electronic fire and smoke detectors;"

    c. **FIRST ALERT PROFESSIONAL**, US Reg. No. 1,909,171, covering "home and business security systems comprising electrical, mechanical and electronic alarms, fire and smoke detectors, automatic lighting, appliance and timing controls, open and closed circuit monitors, switches and sensors, audio and visual controls, optic sensors and optical scanners;" and

    d. **FIRST ALERT PROFESSIONAL SECURITY SYSTEM**, US Reg. No. 1,728,542, covering, "home and business security systems comprising electrical, mechanical and electronic alarms, fire and smoke detectors, automatic lighting, appliance and timing controls, open and closed circuit monitors, switches and sensors, audio and visual controls, optic sensors and optical scanners."

### The License Agreement

7.      On July 31, 1992, First Alert Trust entered into a Trademarks, Technology, and Know-How License Agreement with THL-FA Operating Corp. ("THL-FA") and Pittway Corporation ("Pittway") ("the License Agreement").

8.     Honeywell is the successor to all of Pittway's rights and obligations under the License Agreement. BRK is the successor to all of THL-FA's rights and obligations under the License Agreement. For ease of reference, the remaining allegations in this Complaint refer to the current parties to the License Agreement (Honeywell instead of Pittway, and BRK instead of THL-FA).

9.     Under the License Agreement, Honeywell has "a royalty-free, world-wide, perpetual, irrevocable, exclusive right and license to use" the **First Alert Professional** and **First Alert Professional Security System** marks on and in connection with "Professional Products," defined as follows:

**Professional Products.** The term "Professional Products" shall mean:

(i)     smoke detectors which are designed to be monitored by an alarm or building control system or which are designed to include a radio frequency transmitter or to work in conjunction with a communications panel;

(ii)    electro mechanical or electronic timers which are designed to be integrated into a building lighting control system or other building control system;

(iii)   passive infrared motion sensors which are designed to be integrated into a building lighting control system or other building control system;

(iv)    commercial or industrial duct detectors, waterflow detectors, beam detectors, sounders, horns, strobes or pull stations;

(v)     child safety or elder care products which are part of an alarm or monitoring system; and

(vi)    controls, communications devices and peripheral devices (including, but not limited to, smoke detectors, motion sensors, electromechanical and electronic timers, audio and alarm activating devices, sound sensors, vibration sensors, capacitance sensors, temperature sensors, waterflow detectors, identification cards, remote control stations, power supplies, cameras, monitors, switching devices, speakers, intercoms, amplifiers, mixers, locks and auxiliary indicators) used in wired or wireless professionally-installed burglar alarm, fire alarm, medical emergency alert, lighting control, access control, sound, closed circuit television or other building control and automation systems; as amended pursuant to Section 2.5 hereof.

License Agreement ¶ 1.11.

10.     Under the License Agreement, BRK has "a royalty-free, world-wide, perpetual, irrevocable, exclusive right and license to use" the **First Alert** mark on and in connection with "products other than Professional Products." License Agreement ¶ 2.2.2 (emphasis added).

11.     The License Agreement therefore prohibits BRK from using the **First Alert** mark on or in connection with Professional Products.

12.     Under the License Agreement, Honeywell has the power "to undertake any demand, suit or other action on account of any actual or suspected infringement or misappropriation of....the Trademarks," including the **First Alert** and **First Alert Professional** marks. License Agreement ¶ 5.1.

13.     Under the License Agreement, Honeywell has the right "to undertake any demand, suit or other action on account of any actual or suspected infringement of the Trademarks: with respect to [Honeywell], in connection with the Professional Products..." License Agreement ¶ 5.5.3. As the party prosecuting such "demand, suit or other action," Honeywell is "exclusively entitled to proceeds or recoveries resulting therefrom." License Agreement ¶ 5.5.6.

14.     Under the License Agreement, Honeywell has the "ability to enforce all rights of" First Alert Trust, subject to certain exceptions not applicable here. License Agreement ¶ 7.3.3. "Each Licensee acknowledge[d] and agree[d] that the other Licensee shall have the right to enforce all such rights of [First Alert Trust]." *Id.*

15.     Under the License Agreement, Honeywell and BRK each acknowledge as follows:

> breach of this Agreement would cause immediate and irreparable harm to the other parties for which money damages could not adequately

compensate the other parties. Therefore, each party shall have the right to enforce this Agreement, not only by an action or actions for damages, but also by an action or actions for specific performance or injunctive or other equitable relief in order to enforce or prevent any violations of the terms or conditions of this Agreement, without proof of actual damages and without the posting of bond or other security

License Agreement ¶ 7.3.1.

16.     The License Agreement provides that "[e]ach Licensee…shall pay all costs, fees and expenses (including attorneys' fees) incurred by either of them based on, any claim… (ii) alleging facts which, if true, would constitute a breach by such Licensee of this Agreement." License Agreement ¶ 9.9.

## The Settlement Agreement

17.     In 2005, Honeywell filed a civil complaint alleging that BRK was using or planned to use the **First Alert** mark on certain Professional Products, namely smoke and carbon monoxide detectors with radio frequency transmitters ("RF Smoke / CO Products").

18.     Honeywell's claims in the 2005 lawsuit were resolved by a settlement agreement that became effective on June 15, 2005 ("the Settlement Agreement").

19.     Pursuant to the Settlement Agreement, Honeywell dismissed the 2005 lawsuit and consented to BRK's manufacture of RF Smoke / CO Products, as follows:

Honeywell agrees to voluntarily and promptly dismiss the Litigation with prejudice…and agrees to take no further legal action with regard to and consents to BRK's manufacture, importing, marketing, offering for sale or sale of the Current RF Smoke / CO Products or any change in SKU to the Current RF Smoke / CO Products, any addition of SKU to the Current RF Smoke / CO Products, or modification of the Current RF Smoke / CO Products, so long as said change, addition or modification does not render said product one that is intended to or designed to be professionally installed and professionally monitored; all in consideration of BRK's performance under this Agreement.

Settlement Agreement ¶ 1.[1]

20.     As part of the consideration for the Settlement Agreement, BRK agreed that it would forever refrain from using the **First Alert** trademark in connection with "intrusion products":

> BRK will not use the 'First Alert' trademark or name in connection with 'intrusion' products, which are the following:
>
> - motion detectors / sensors, utilized as a standalone device or component of another device, that create or generate an alarm signal or sound upon activation;
>
> - door and window sensors;
>
> - glass break detectors / sensors;
>
> - vibration detectors / sensors;
>
> - automatic lighting sensors that create or generate an alarm signal or sound upon activation;
>
> - asset protection sensors designed to detect movement of assets which provide notification to a system for the purposes of indicating an intrusion situation;
>
> - shock sensors; and
>
> - sounders or strobes that are used as an intrusion alarm notification.

Settlement Agreement ¶ 3(a) (hereinafter, "Intrusion Products"). The parties acknowledged "for the avoidance of doubt" that the prohibition on BRK's use of the First Alert mark in connection with Intrusion Products "does not expand either party's rights under the 1992 License Agreement to use the 'First Alert' or 'First Alert Professional' trademarks." Settlement Agreement ¶ 3(c).

21.     In the Settlement Agreement, BRK also agreed that it would print the following disclaimer in all of its product and promotional material related to RF Smoke / CO Products:

---

[1]     SKU stands for "stock-keeping unit," which denotes an alpha-numeric identification code that allows a particular product to be tracked for inventory purposes.

> This product is intended for non-professional do it yourself installation. If you would like information about a professionally installed and monitored system, please contact First Alert Professional at 1-800-921-6025. First Alert Professional is not affiliated with BRK Brands, Inc.

Settlement Agreement ¶ 4.

22.     In the Settlement Agreement, BRK further agreed to provide Honeywell "information on all new products in development, manufacture, and to be marketed using the 'First Alert'…trademarks or names and to give [Honeywell] an opportunity to comment on and/or state reasonable objections to said plans which may result in consumer confusion or undermine either party's business interests." Settlement Agreement ¶ 7.

### BRK Violates the License Agreement and the Settlement Agreement

23.     BRK is using—or plans to use—the **First Alert** mark on or in connection with various Professional Products and Intrusion Products. Honeywell is not familiar with all of BRK's products or plans. By way of example, and without limitation, BRK is using or plans to use the **First Alert mark** on or in connection with the following existing or planned products, in violation of Honeywell's exclusive trademark rights under the License Agreement and the Settlement Agreement:

**A.      First Alert Onelink Products.**

24.     BRK's Product Catalog for Distributors ("BRK Distributor Catalog") states as follows:

> In 2015, First Alert will roll out the new Onelink™ suite of connected products that cover categories including home environment monitoring, fitness, safety and security….Products in the new First Alert Onelink™ collection are designed to seamlessly integrate with one another to create a comprehensive smart home that can be controlled and monitored from virtually anywhere by a user's mobile device.

i.     **First Alert Onelink Thermostat.**

25.     Among BRK's new products for 2015 is the First Alert THERM-500 Onelink Wi-Fi Touchscreen Smart Thermostat ("First Alert Onelink Thermostat"):



26.     The First Alert Onelink Thermostat is designed to automate various building control systems, including heating, cooling, humidification, dehumidification, and indoor/outdoor air circulation.

27.     According to BRK's marketing materials, the First Alert Onelink Thermostat contains an electronic timer so that its "Time Period Scheduler" can "automatically change[] the temperature mode for up to four periods per day. This allows for comfortable temperatures for sleeping, waking, and daytime, plus an energy savings mode for when no one is home."

28.     The First Alert Onelink Thermostat is Internet-enabled so that the device can communicate with the user by sending email alerts regarding indoor temperatures and by allowing the user remotely to monitor and adjust climate and other settings.

29.     The First Alert Onelink Thermostat is or can be professionally installed. Among other things, the installation manual for the product states that the user must "determine what

your existing wiring and equipment situation is. If you are unsure of what type of system you have, *you may need to seek professional support*." First Alert Onelink Thermostat Manual at 4 (emphasis added).

30.     The First Alert Onelink Thermostat is a Professional Product, as defined in the License Agreement. Among other things, it is an "electro mechanical or electronic timer[] which [is] designed to be integrated into a…building control system." License Agreement ¶ 1.11. Independent of that, it is a "control[], communications device[] and peripheral device[] (including, but not limited to…electromechanical and electronic timers,…temperature sensors,…) used in wired or wireless professionally-installed….building control and automation systems…" License Agreement ¶ 1.11 (emphasis added).

31.     BRK failed to provide Honeywell with information about its plans to use the **First Alert** mark on or in connection with the First Alert Onelink Thermostat and to give Honeywell an opportunity to comment on or state reasonable objections to said plans. Settlement Agreement ¶ 7.

32.     By using the **First Alert** trademark on or in connection with the First Alert Onelink Thermostat, BRK exceeds the license granted to it in the License Agreement and otherwise violates the terms of the License Agreement.

33.     Honeywell nationally markets building automation and control systems, including thermostats. Some of Honeywell's competing products are marketed and sold using the **First Alert Professional** mark.

ii. **First Alert Onelink Wi-Fi Smoke & Carbon Monoxide Alarm.**

34. Among BRK's new products for 2015 is the First Alert Onelink Wi-Fi Smoke & Carbon Monoxide Alarm:





35. According to the BRK Distributor Catalog, the First Alert Onelink Wi-Fi Smoke & Carbon Monoxide Alarm features a "Smoke & CO Combo Alarm." It is available as a hardwired or battery operated unit. It has Wi-Fi and Bluetooth connectivity. It comes with a "[f]ree App to stay connected with alarms." It "[i]nterconnects with all BRK/First Alert hardwired alarms."

36. The First Alert Onelink Wi-Fi Smoke & Carbon Monoxide Alarm is or can be professionally installed. Among other things, the first page of the BRK Distributor Catalog advertises the product using the phrase "BRK: The Professional Standard":

11



37.     Other hardwired smoke alarms offered by BRK require installation by a qualified electrician. On information and belief, the hardwired version of the First Alert Onelink Wi-Fi Smoke & Carbon Monoxide Alarm must also be installed by a qualified electrician.

38.     The First Alert Onelink Wi-Fi Smoke & Carbon Monoxide Alarm is a "Professional Product" as that term is defined in the License Agreement. Among other things, it is a "smoke detector which [is] designed to be monitored by an alarm or building control system or which [is] designed to include a radio frequency transmitter or to work in conjunction with a communications panel." License Agreement ¶ 1.11. In addition, it is a "control[], communications device[] and peripheral devices (including, but not limited to, smoke detectors…) used in wired or wireless professionally-installed…fire alarm…or other building control and automation system…" License Agreement ¶ 1.11 (emphasis added).

39.     While the Settlement Agreement permits BRK to market and sell certain "Current RF Smoke / CO Products," along with certain modifications or additions to such products, the First Alert Onelink Wi-Fi Smoke & Carbon Monoxide Alarm is neither a "Current RF Smoke / CO Product" nor a mere modification or addition to such products. It is instead an entirely new product with communication and other functions that bring it within the definition of Professional Product, but that were not contemplated by the limited license granted to BRK under the Settlement Agreement.

12

40.     By using the **First Alert** trademark on or in connection with the First Alert Onelink Wi-Fi Smoke & Carbon Monoxide Alarm, BRK exceeds the license granted to it in the License Agreement and otherwise violates the terms of the License Agreement.

41.     By using the **First Alert** trademark on or in connection with the First Alert Onelink Wi-Fi Smoke & Carbon Monoxide Alarm, BRK violates the terms of the Settlement Agreement.

42.     Honeywell nationally markets various smoke and carbon monoxide detection systems that are similar to or otherwise compete with the First Alert Onelink Wi-Fi Smoke & Carbon Monoxide Alarm. Some of Honeywell's competing products are marketed and sold using the **First Alert Professional** mark.

### iii.     First Alert Onelink Wi-Fi Environment Monitor.

43.     Among BRK's new products for 2015 is the First Alert Onelink Wi-Fi Environment Monitor:

**Wi-Fi Environment Monitor**



Detect carbon monoxide (CO) in your home or office with this low-level CO environment monitor. Built-in temperature and humidity sensors with a multi-color LED ring to indicate immediate temperature shifts add an extra level of security. Receive notifications or check changes in the room temperature, humidity and carbon monoxide levels from your smartphone or tablet
(Note: Low Level CO Monitor. Not a UL 2034 CO Alarm)

 SKU #: GLOCO-500

44.     According to the BRK Distributor Catalog, the First Alert Onelink Wi-Fi Environment Monitor features the ability to "detect carbon monoxide (CO) in your home or office. Built-in temperature and humidity sensors with a multi-color LED ring to indicate immediate temperature shifts…" The device allows a user to "[r]eceive notifications or check changes in the room temperature, humidity and carbon monoxide levels from your smartphone or tablet."

13

45.     The First Alert Onelink Wi-Fi Environment Monitor is or can be professionally installed. Among other things, the first page of the BRK Distributor Catalog advertises the product using the phrase "BRK: The Professional Standard":



46.     The First Alert Onelink Wi-Fi Environment Monitor is a "Professional Product," as that term is defined in the License Agreement. Among other things, it is a "control[], communications device [or] peripheral device (including, but not limited to...temperature sensors...) used in wired or wireless professionally installed...building control and automation systems...." License Agreement ¶ 1.11.

47.     BRK failed to provide Honeywell with information about its plans to use the **First Alert** mark on or in connection with the First Alert Onelink Wi-Fi Environment Monitor and to give Honeywell an opportunity to comment on or state reasonable objections to said plans. Settlement Agreement ¶ 7.

48.     By using the **First Alert** trademark on or in connection with the First Alert Onelink Wi-Fi Environment Monitor, BRK exceeds the license granted to it in the License Agreement and otherwise violates the terms of the License Agreement.

49.     Honeywell nationally markets various carbon monoxide detection and environmental monitoring systems that are similar to or otherwise compete with the First Alert Onelink Wi-Fi Environment Monitor. Some of Honeywell's competing products are marketed and sold using the **First Alert Professional** mark.

14

### iv.  The First Alert Onelink Tracker.

50.  Among BRK's new products for 2015 is the First Alert Onelink Tracker:



Help keep your valuable tools and personal items safe and within reach with Onelink Tracker. Bluetooth/iBeacon technology means that when tagged items are in motion or out of range, your Onelink Tracker will send instant notifications, alarms and offer a 911-call option from your connected smartphone or tablet. The mounting strap accessory conveniently attaches the device to handles, valuables and equipment. Using the free app, set safes zones to track or locate your personal property.



SKU #: TRACKER-500

51.  According to the BRK Distributor Catalog, the First Alert Onelink Tracker can "[h]elp keep your valuable tools and personal items safe and within reach…Bluetooth/iBeacon technology means that when tagged items are in motion or out of range, your Onelink Tracker will send instant notifications, alarms and offer a 911-call option from your connected smartphone or tablet…."

52.  The First Alert Onelink Tracker is an "Intrusion Product" as that term is defined in the Settlement Agreement. Specifically, but without limitation, the Settlement Agreement provides that BRK will not "use the 'First Alert' trademark or name in connection with Intrusion Products, which include "asset protection sensors designed to detect movement of assets which provide notification to a system for the purposes of indicating an intrusion situation." Settlement Agreement ¶ 3.

53.  BRK failed to provide Honeywell with information about its plans to use the **First Alert** mark on or in connection with the First Alert Onelink Tracker and to give Honeywell an opportunity to comment on or state reasonable objections to said plans. Settlement Agreement ¶ 7.

54. By using the **First Alert** trademark on or in connection with the First Alert Onelink Tracker, BRK exceeds the license granted to it in the License Agreement and otherwise violates the terms of the License Agreement.

55. By using the **First Alert** trademark on or in connection with the First Alert Onelink Tracker, BRK violates the terms of the Settlement Agreement.

56. Honeywell nationally markets various asset protection systems that are designed to detect movement of an asset and to send a notification to a system for purposes of indicating an intrusion situation. Some of Honeywell's competing products are marketed and sold using the **First Alert Professional** mark.

**B.      First Alert Surveillance Systems and Cameras.**

57. BRK nationally markets and sells various audio/visual surveillance systems and related cameras under the **First Alert** mark (collectively, "the First Alert Surveillance Systems"), including the following:

**i.      First Alert SmartBridge.**

58. BRK markets and sells First Alert SmartBridge DVR Security Systems ("First Alert SmartBridge"), a series of wired, closed-circuit television systems and related peripherals, including cameras:



16

59.     According to the First Alert SmartBridge Manual, these products come equipped with "[m]otion detection" that can "trigger recordings, buzzer alarms, [and] an alarm output control signal…." First Alert SmartBridge Manual at 19.

60.     According to the First Alert SmartBridge Manual, the system has an "Alarm Output" that allows it to send an output control signal to a connected alarm system device, and thereby trigger an alarm.

### ii.     First Alert 8-Channel.

61.     BRK markets and sells the First Alert 8-Channel and 8-Camera Wired DVR Security System (DC8810-420) ("First Alert 8-Channel"), a wired closed-circuit television system and related peripherals, including cameras:



62.     According to the First Alert 8-Channel Manual, these products come equipped with "motion detection" and "alarm control suitable for applications such as high-end residential - new or remodel, light commercial, small business/retail, small warehouse or small grocery." First Alert 8-Channel Manual at 3.

63.     According to the First Alert 8-Channel Manual, the system is capable of accepting alarm inputs such as "devices or switches that activate when a door, window, cabinet etc. is opened or accessed." First Alert 8-Channel Manual at 23.

64.     According to the First Alert 8-Channel Manual, the system is capable of generating alarm outputs "to activate an external device such as a horn or light" or to send an email when an alarm is triggered. First Alert 8-Channel Manual at 22 – 23.

### iii.     First Alert 4-Channel.

65.     BRK markets and sells the First Alert 4-Channel and 4-Camera Wired DVR Security System (DC4405-420) ("First Alert 4-Channel"), a wired closed-circuit television system and related peripherals, including cameras:



66.     According to the First Alert 4-Channel Manual, these products come equipped with "motion detection" and "alarm control suitable for applications such as high-end residential - new or remodel, light commercial, small business/retail, small warehouse or small grocery." First Alert 4-Channel Manual at 3.

67.     According to the First Alert 4-Channel Manual, the system is capable of accepting alarm inputs such as "devices or switches that activate when a door, window, cabinet etc. is opened or accessed." First Alert 4-Channel Manual at 23.

68.     According to the First Alert 4-Channel Manual, the system is capable of generating alarm outputs "to activate an external device such as a horn or light" or to send an email when an alarm is triggered. First Alert 4-Channel Manual at 23.

### iv.     First Alert Wireless System.

69.     BRK markets and sells the First Alert Digital Wireless Recording System with 7 inch LCD Display and Two Digital Cameras (DWS-472) and the First Alert Digital Wireless Recording System with 7 inch LCD Display and One Digital Camera (DWS-471) ("First Alert Wireless System"), a wireless closed-circuit television system and related peripherals, including cameras:



70.     According to the First Alert Wireless Manual, these products come equipped with motion detection. "When motion is detected by a camera, then a buzzer sound will be triggered by the monitor." First Alert Wireless System Manual at 23.

### v.     First Alert Wi-Fi Camera.

71.     BRK markets and sells the First Alert High Definition Wi-Fi Indoor Security Camera (DWIP-720) ("First Alert Wi-Fi Camera"), a wireless closed-circuit television system and related peripherals, including cameras:



72.     According to the First Alert Wi-Fi Camera Manual, these products come equipped with motion detection. *See* First Alert Wi-Fi Manual at 3. "The system can notify you when it detects motion from any camera by sending you an email alert." First Alert Wi-Fi Camera Manual at 11.

73.     According to the First Alert Wi-Fi Camera Manual, the system is capable of accepting alarm inputs, such as "switches that activate when a door, window, cabinet etc. is opened or accessed." First Alert Wi-Fi Camera Manual at 13.

74.     According to the First Alert Wi-Fi Camera Manual, the system is capable of generating alarm outputs "to activate an external device such as a horn or LED or relay after an alarm is triggered." First Alert Wi-Fi Camera Manual at 13.

> **vi.     BRK's Use of the First Alert Mark in Connection With the First Alert Surveillance Systems Violates the License Agreement and the Settlement Agreement.**

75.     The First Alert Surveillance Systems referenced at paragraphs 57 to 74 are or can be professionally installed. Among other things, all of the First Alert Surveillance Systems manuals note that BRK is "committed to serving our customers, *from the professionals who install our products*, to the families who count on them." (emphasis added).

76. The First Alert Surveillance Systems are "Professional Products" as that term is defined in the License Agreement. Among other things, they are "controls, communications devices and peripheral devices (including, but not limited to…motion sensors,…audio and alarm activating devices,…cameras, monitors…) used in wired or wireless professionally-installed burglar alarm,…closed circuit television or other building control and automation systems…." License Agreement ¶ 1.11.

77. The First Alert Surveillance Systems are Intrusion Products, as defined in the Settlement Agreement. Among other things, they are "motion detectors / sensors, utilized as a standalone device or component of another device, that create or generate an alarm signal or sound upon activation," and they are "sounders…that are used as an intrusion alarm notification." Settlement Agreement ¶ 3(a).

78. BRK failed to provide Honeywell with information about its plans to use the **First Alert** mark on or in connection with the First Alert Surveillance Systems and to give Honeywell an opportunity to comment on or state reasonable objections to said plans. Settlement Agreement ¶ 7.

79. By using the **First Alert** trademark on or in connection with the First Alert Surveillance Systems, BRK exceeds the license granted to it in the License Agreement and otherwise violates the terms of the License Agreement.

80. By using the **First Alert** trademark on or in connection with the First Alert Surveillance Systems, BRK violates the terms of the Settlement Agreement.

81. Honeywell nationally markets various surveillance and security systems that are similar to or otherwise compete with the First Alert Surveillance Systems, including surveillance

cameras and motion sensors that can trigger alarms. Some of Honeywell's competing products are marketed and sold using the **First Alert Professional** mark.

### C. First Alert Wired Smoke Alarm Systems.

82.     BRK nationally markets and sells various hardwired smoke detectors under the **First Alert** trademark that can be interconnected with one another to form a building-wide smoke alarm system ("First Alert Smoke Alarm Systems"). By way of example, but without limitation:

83.     BRK markets and sells several First Alert 120V AC Smoke Alarms. According to BRK's marketing, such a unit "[c]an integrate with up to 12 other First Alert or BRK hard wired alarms":



84.     BRK markets and sells several First Alert 120V AC Smoke Alarm with Battery Backup. According to BRK's marketing, such a unit "[i]nterconnects with up to 12 other First Alert® or BRK® hardwired alarms":



85.     The First Alert Smoke Alarm Systems are or can be professionally installed. According to the product manuals, the First Alert Smoke Alarm Systems "***must be installed by a qualified electrician***" (emphasis added).

86.     The First Alert Smoke Alarm Systems are Professional Products, as defined in the License Agreement. Among other things, they are "controls, communications devices and peripheral devices (including, but not limited to, smoke detectors…) used in wired or wireless professionally-installed…fire alarm… systems…" License Agreement ¶ 1.11 (emphasis added).

87.     By using the **First Alert** trademark on or in connection with the First Alert Smoke Alarm Systems, BRK exceeds the license granted to it in the License Agreement and otherwise violates the terms of the License Agreement.

88.     Honeywell nationally markets smoke, heat, and carbon monoxide detectors. Some of Honeywell's competing products are marketed and sold using the **First Alert Professional** mark.

**D.     Failure to Label RF Smoke / CO Products as Required by the Settlement Agreement.**

89.     BRK nationally markets and sells various RF Smoke / CO Products.

90.     Under the Settlement Agreement, BRK is required to publish an agreed disclaimer in all product and promotional materials relating to the RF Smoke / CO Products, as alleged above.

91.     At various points since BRK executed the Settlement Agreement, BRK has sold RF Smoke / CO Products and has published marketing and other product materials related to its RF Smoke / CO Products without including the required disclaimer.

92.     BRK has violated the terms of the Settlement Agreement.

**BRK Knowingly Violates Honeywell's Contractual and Trademark Rights**

93.     The **First Alert** trademark and Honeywell's licensed **First Alert Professional** trademark are similar in appearance, sound, connotation, and overall commercial impression.

94.     As discussed above, the goods and services in connection with which BRK uses the **First Alert** trademark are similar to or compete with goods and services that Honeywell markets and sells using the **First Alert Professional** trademark.

95.     BRK sells its competing products under the **First Alert** trademark in the same markets and geographic regions as Honeywell sells its products under the **First Alert Professional** trademark.

96.     The classes of installers, customers, and end-users for Honeywell surveillance and security products, thermostats, and smoke detectors overlaps with the likely classes of installers, customers, and end-users for BRK's competing products.

97.     Neither Honeywell nor First Alert Trust has ever authorized BRK to use the **First Alert** trademark or any variant thereof on or in connection with Professional Products or Intrusion Products. To the contrary, Honeywell has previously enforced its rights by suing BRK for using the First Alert mark on or in connection with Professional Products, and Honeywell has

24

otherwise demanded that BRK cease using the **First Alert** mark on or in connection with Professional Products.

98.     BRK has failed and refused to cease using the **First Alert** mark on or in connection with Professional Products.

99.     BRK's use of the **First Alert** mark on Professional Products and Intrusion Products is intended to create, and will create, a likelihood of confusion, deception, and mistake with regard to whether Honeywell manufactures, produces, authorizes, sponsors, approves, endorses, or is otherwise affiliated with BRK's competing products.

100.     As a result of the License Agreement, the prior litigation, and the Settlement Agreement, BRK has long had actual notice that Honeywell has the exclusive right to use the **First Alert Professional** mark on or in connection with Professional Products and Intrusion Products, and that BRK has no right to use the **First Alert** mark on or in connection with Professional Products or Intrusion Products.

101.     BRK is thus willfully and in bad faith infringing upon Honeywell's exclusive right to use the **First Alert Professional** mark in connection with Professional Products and Intrusion Products.

102.     BRK is thereby exploiting the goodwill Honeywell and First Alert Trust have created in the **First Alert Professional** mark.

103.     BRK's conduct constitutes willful infringement of and encroachment upon Honeywell's exclusive trademark rights under the License Agreement and under the Settlement Agreement.

## CAUSES OF ACTION

### Count I: Breach of Contract (License Agreement)

104.     Honeywell incorporates the foregoing factual allegations by reference.

105.     The License Agreement is a binding contract to which both Honeywell and BRK are parties.

106.     Honeywell has all requisite authority to bring any action to vindicate its own rights or First Alert Trust's rights under the License Agreement.

107.     BRK has breached the License Agreement by, among other things, using the **First Alert** mark on and in connection with Professional Products and Intrusion Products, in violation of License Agreement ¶¶ 1.11 and 2.1.2, as amended by the Settlement Agreement ¶ 3.

108.     As a direct and proximate result of these breaches, BRK has profited and Honeywell, in its capacity as exclusive licensee and standing in the shoes of First Alert Trust, has suffered and will suffer damages.

109.     As a direct and proximate result of BRK's conduct, Honeywell, in its capacity as licensee and standing in the shoes of First Alert Trust, has been and will continue to be substantially and irreparably harmed, including by damage to the goodwill associated with the **First Alert Professional** mark.

110.     Unless preliminarily and permanently enjoined by the Court, BRK will continue to use and infringe the marks in question. This threat of future injury requires injunctive relief to prevent BRK's continued use of the **First Alert** mark on and in connection with Professional Products or Intrusion Products, and an order of specific performance by BRK of all material terms of the License Agreement and of the Settlement Agreement.

### Count II:     Breach of Contract (Settlement Agreement)

111.     Honeywell incorporates the foregoing factual allegations by reference.

112.     The Settlement Agreement is a binding contract to which both Honeywell and BRK are parties.

113.     Honeywell has all requisite authority to bring any action to vindicate its own rights or First Alert Trust's rights under the Settlement Agreement.

114.     BRK has breached the Settlement Agreement by, among other things, using the **First Alert** mark on and in connection with Intrusion Products and failing at various points from the date of the Settlement Agreement to publish the required disclaimer in connection with the marketing of RF Smoke / CO Products. *See* Settlement Agreement ¶¶ 1 – 4.

115.     As a direct and proximate result of these breaches, BRK has profited and Honeywell, in its capacity as licensee and standing in the shoes of First Alert Trust, has suffered and will suffer damages.

116.     As a direct and proximate result of BRK's conduct, Honeywell, in its capacity as licensee and standing in the shoes of First Alert Trust, has been and will continue to be substantially and irreparably harmed, including by damage to the goodwill associated with the **First Alert Professional** mark.

117.     Unless preliminarily and permanently enjoined by the Court, BRK will continue to use and infringe the marks in question. This threat of future injury requires injunctive relief to prevent BRK's continued use of the **First Alert** mark on and in connection with Professional Products or Intrusion Products, and an order of specific performance by BRK of all material terms of the License Agreement and of the Settlement Agreement.

### Count III:     Section 43 of the Lanham Act

118.     Honeywell incorporates the foregoing factual allegations by reference.

119.     First Alert Trust owns the **First Alert** and **First Alert Professional** marks.

120.     In the License Agreement, First Alert Trust granted BRK a limited license to use the **First Alert** mark on and in connection with products except for Professional Products and Intrusion Products.

121.     Honeywell has the exclusive right to use the **First Alert Professional** mark on and in connection with Professional Products and Intrusion Products.

122.     Under the License Agreement, Honeywell has the right to bring claims to redress and ameliorate injuries both to itself and to First Alert Trust.

123.     BRK has, without the consent of First Alert Trust or Honeywell, in connection with goods or services; or containers for goods, used in commerce the **First Alert** name and mark in a manner that is likely to cause confusion; or to cause mistake; or to deceive as to the affiliation, connection, or association of such person with another person; or as to the origin, sponsorship; or approval of his or her goods, services; or commercial activities by another person.

124.     BRK has thus violated Lanham Act § 43(a), 15 U.S.C. § 1125(a).

125.     BRK's acts were, and continue to be, knowing and willful.

126.     As a direct and proximate result of these violations, BRK has profited and Honeywell, in its capacity as licensee and standing in the shoes of First Alert Trust, has suffered and will suffer damages.

127.     As a direct and proximate result of BRK's conduct, Honeywell, in its capacity as licensee and standing in the shoes of First Alert Trust, has been and will continue to be substantially and irreparably harmed, including by damage to the goodwill associated with the **First Alert Professional** mark.

128. Unless preliminarily and permanently enjoined by the Court, BRK will continue to use and infringe the marks in question. This threat of future injury requires injunctive relief to prevent BRK's continued use of the **First Alert** mark on and in connection with Professional Products or Intrusion Products.

### Count IV: Illinois Uniform Deceptive Trade Practices Act

129. Honeywell incorporates the foregoing factual allegations by reference.

130. The License Agreement provides that Illinois law governs the relationship between First Alert Trust, Honeywell, and BRK. License Agreement ¶ 9.13.

131. First Alert Trust owned and registered the **First Alert** and **First Alert Professional** marks, which are trademarks within the meaning of 815 ILCS 510/1 § 1(7).

132. First Alert Trust granted BRK a limited license to use the **First Alert** mark on and in connection with products except for Professional Products and Intrusion Products.

133. Honeywell has the exclusive right to use the **First Alert Professional** mark on and in connection with Professional Products and Intrusion Products.

134. BRK has, in the course of its business and without the consent of Honeywell or First Alert Trust, engaged in conduct that causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another; represents that goods or services have sponsorship, or approval, that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have; or engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

135. BRK has therefore engaged in a deceptive trade practice, under 815 ILCS 510/2(a).

136.    BRK's acts were, and continue to be, knowing and willful.

137.    As a direct and proximate result of these violations, BRK has profited and Honeywell, in its capacity as licensee and standing in the shoes of First Alert Trust, has suffered and will suffer damages.

138.    As a direct and proximate result of BRK's conduct, Honeywell, in its capacity as licensee and standing in the shoes of First Alert Trust, has been and will continue to be substantially and irreparably harmed, including by damage to the goodwill associated with the **First Alert Professional** mark.

139.    Unless preliminarily and permanently enjoined by the Court, BRK will continue to use and infringe the marks in question. This threat of future injury to Honeywell and First Alert Trust requires injunctive relief to prevent BRK's continued use of the **First Alert** mark on and in connection with Professional Products or Intrusion Products.

**PRAYER FOR RELIEF**

By reason of the foregoing, Honeywell requests that the Court grant the following relief:

1.    Monetary damages, including BRK's profits, damages sustained by the Honeywell and First Alert Trust, and the costs of the action, together with treble damages and punitive damages;

2.    Preliminary and permanent injunctive relief, including but not limited to an order prohibiting BRK from using the **First Alert** mark or related marks on or in connection with Professional Products or Intrusion Products;

3.    An order of specific performance of the License Agreement and the Settlement Agreement, including but not limited to an order prohibiting BRK from using the **First Alert** mark or related marks on or in connection with Professional Products or Intrusion Products;

4. An order directing that BRK deliver up for destruction all products, labels, advertisements, and materials in its possession, custody, or control that infringe or unfairly compete with Honeywell's exclusive rights in the **First Alert Professional** trademark;

5. An order for corrective advertising in a form, manner, and frequency that is reasonably calculated to remedy the confusion caused by BRK's conduct;

6. An order directing that BRK serve upon counsel for Honeywell within thirty days after entry of such judgment a report in writing and under oath setting forth in detail the manner and form in which it has complied with the Court's orders of permanent injunctive relief and specific performance;

7. Honeywell's costs and expenses of this action, including without limitation, attorney fees, pursuant to the terms of the License Agreement, or in the alternative pursuant to 15 U.S.C. § 1117(a), or in the alternative pursuant to 815 ILCS 510/3;

8. Prejudgment and post-judgment interest; and

9. Such other relief to which Honeywell may be entitled in law or equity as the Court deems just and proper.

Respectfully submitted,

Dated: September 25, 2015                    **GREENE ESPEL PLLP**

/s/ Mark L. Johnson
Robert J. Gilbertson (*pro hac vice to be filed*)
Mark L Johnson (ID No. 6280924)
Janine W. Kimble (*pro hac vice to be filed*)
222 S. Ninth Street, Suite 2200
Minneapolis, MN 55402
bgilbertson@greeneespel.com
mjohnson@greeneespel.com
jkimble@greeneespel.com
(612) 373-0830


**AGRAWAL EVANS LLP**

Suyash Agrawal (ID No. 6308343)
308 W. Erie Street, Suite 502
Chicago, IL 60654–3924
suyash@agrawalevans.com
(312) 448-8800

Attorneys for Honeywell International Inc.